"Three years after date I promise to pay unto William W. Wellborn, his heirs or assigns, $1,000, in current bank notes of the State of North Carolina, for value received, as witness my hand and seal this 15 September, 1831: Provided, I maintain the right and possession of the tract of land for which this note is in part given: and in the event of my being subjected to costs of any suit or suits legally (376) brought for said lands, by adverse claimants, the amount of said costs is to be deducted from the above amount, and the balance not to be paid until said suit or suits, as the case may be, are decided; also the said Wellborn is to keep me indemnified as to the heirs of Montgomery.
[Signed] JAMES JAMES. (Seal)
Test: N. CANNON."
The defendant, among other pleas, pleaded non est factum, upon which the cause was tried at Wilkes, on the last circuit, before his Honor, JudgeNash, Upon the trial, after the plaintiff had proved the execution of the bond and submitted his case, the defendant moved the court for a nonsuit, upon the ground that the bond contained a condition precedent of which the plaintiff had not proved the performance, to wit: the last clause of the bond, "also said Wellborn is to keep me indemnified as to the heirs of Montgomery." The court refused the nonsuit, and there being no other evidence given on either side the jury returned a verdict for the plaintiff and the defendant, after an ineffectual motion for a new trial, appealed.
The action is brought to recover the sum of money mentioned in the body of the bond. This sum was payable at a particular day. The condition annexed, that the plaintiff should keep the defendant indemnified as to the heirs of Montgomery, is indefinite as to time; *Page 300 
it is not a condition precedent to the payment of the money. It was inserted for the benefit of the defendant, and if he had been evicted by the heirs of Montgomery, by a better title, he might have plead that fact specially in bar. As that event has not occurred there is nothing to prevent the plaintiff's recovering his debt, and interest on the same from the day it should have been paid. What remedy the defendant may have, if the heirs of Montgomery should hereafter disturb him, it is now unnecessary to decide. The judgment is affirmed.
PER CURIAM. Judgment affirmed.
(377)